The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK MACKIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. HIPPLE, et al.,<br><br>Defendants. | Case No. 09-00164-RSL<br><br>**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION AND RELIEF REQUESTED

This is a lawsuit seeking damages for claims arising out of Defendant Michael J. Hipple's alleged infringement of a fraction of one element of Jack Mackie's copyrighted work, Dance Steps on Broadway. Plaintiff's amended complaint contains a single cause of action and presents a single overriding issue: whether the alleged contents of Mr. Hipple's photographic work constitutes an actionable infringement of Mr. Mackie's copyrighted work.

In this motion, Mr. Hipple will show that no plausible theory consistent with the factual allegations in Mr. Mackie's amended complaint can make out a case that Mr. Hipple committed copyright infringement, as that term is used in the Copyright Act and construed by decades of

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 1
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

precedent. Therefore, the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## II. STATEMENT OF ALLEGED FACTS

According to the complaint, Plaintiff Mr. Mackie is a Seattle resident who is co-creator, with Mr. Chuck Greening (together, the "Authors"), of a sculptural work titled <u>Dance Steps on Broadway</u> (the "Work"). Compl. ¶ 1, 8-9. The Work is a public art piece that "is installed in public sidewalks adjacent to Broadway Avenue in Seattle, Washington." Compl. ¶ 9. The Work as registered contains "bronze shoe patterns set in dance step patterns in a public sidewalk." Compl., Ex. 1, Copyright Certificate VAu 441-310, part 2 "Nature of Authorship." Specifically, the Work as registered depicts eight different dance steps and contains 138 shoes along with 80 arrows and 8 decorative title plaques, for a total of 226 discrete sub-parts.

According to the complaint, the authors created the work in 1979 (Compl. ¶ 9), although the attached copyright certificate lists the date of creation as 1981-82. Compl. Ex. 1. The authors registered the work with the Copyright Office in October 1998. Compl. ¶ 11.

Mr. Hipple created the photograph at issue (the "Photograph") on or around October 1997. The Photograph depicts a person interacting with a portion of the public art sculpture, apparently performing the dance step depicted. A clearer copy of the Photograph than provided in the Complaint is attached hereto as Exhibit A. According to the Complaint, the Photograph shows a portion of the Work that depicts the dance known as "The Mambo". Compl. ¶ 5.

The Photograph displays a selective focus technique that directs the viewer's attention to part of the image while de-emphasizing other parts. Because of this technique, only 4 shoe parts and 1 arrow part are depicted clearly in the Photograph. Two other shoe parts and 4 other arrow

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 2
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

parts are visible in their entirety but are out of focus, while 5 additional shoe parts and 1 additional arrow part are also out of focus and are partially visible. Finally, 2 shoe parts are completely obscured by the person who is the subject of the photograph. In total, 17 sub-parts of the Work are to some extent visible in the Photograph, but only 5 such parts are visible in focus and in their entirety.

### III. AUTHORITY AND ANALYSIS

Although the Amended Complaint repeatedly offers the conclusion that Mr. Hipple took "the image of the Sub-Installation", this contention is specious. By not alleging a cognizable legal theory nor alleging sufficient facts under a cognizable legal theory, Mr. Mackie cannot satisfy the minimum legal standard for establishing copyright liability. Alternatively, Mr. Hipple's use of unprotectable elements cannot constitute actionable copyright infringement. Further, Mr. Mackie does not state facts supporting the conclusion that he suffered damage as that term is used in the Copyright Act. Thus, the amended complaint fails to present a plausible claim upon which the Court can grant relief and should therefore be dismissed.

**A.     Standard for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(6)**

Rule 12(b)(6) gives federal courts the power to dismiss a complaint for failure to state a claim upon which relief can be granted. A complaint "must offer 'more than labels and conclusions' and contain more than a 'formulaic recitation of the elements of a cause of action.'" *Sadler v. State Farm Mut. Auto. Ins. Co.*, Civ. No. C07-995Z, 2007 WL 2778257 at *2 (W.D. Wash. 2007) (slip op.) (quoting *Twombly*, 550 U.S. at 555). Further, "[t]he complaint must indicate more than a mere speculation of the right to relief." *Id.* (citing *Twombly*, 550 U.S. at 555). In situations where a complaint fails to adequately state a claim, such as here, this

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 3
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182   Fax 206-903-8183

shortcoming should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. This can occur because (i) there is an absence of a cognizable legal theory or because (ii) there are insufficient facts under a cognizable legal claim. *Sadler*, 2007 WL at *2 (citing *Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 534 (9th Cir. 1984)). Both rationales support dismissal here.

### B. Plaintiff Has Not Alleged Facts Sufficient to Establish Copyright Infringement.

In order to bring a valid claim for copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) copying of protected elements of the plaintiff's work. *Funky Films, Inc. v. Time Warner Entm't Com.*, 462 F.3d 1072, 1076 (9th Cir.2006) (*discussing Feist Publ'ns, Inc. v. Rural Tel.Serv. Co., Inc.*, 499 U.S. 340, 361, (1991)). "Absent direct evidence of copying, proof of infringement involves fact-based showing that the defendant had 'access' to the plaintiffs work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

Assuming for the purposes of this argument that Plaintiff has sufficiently alleged ownership of a copyright and conceding that Defendant had access to the Work, Plaintiff still bears this burden of proving substantial similarity. *Frybarger v. International Business Machines Corp.*, 812 F.2d 525, 528 (9th Cir.1987). Proof of substantial similarity is satisfied by a two-part test of extrinsic similarity and intrinsic similarity. *Funky Films, Inc. v. Time Warner Entm't Com.*, at 1077.

The extrinsic test is objective in nature and requires Plaintiff to identify specific criteria it

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 4
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

alleges have been copied[1]. "Such criteria include the type of artwork involved, the materials used, the subject matter, and the setting for the subject." *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir.1977). "[I]t depends not on the responses of the trier of fact, but on specific criteria which can be listed and analyzed." *Id.* A "plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Funky Films, Inc. v. Time Warner Entm't Com.*, at 1077 *(quoting Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994)).

Here, Plaintiff fails the extrinsic test by not alleging any specific criteria in the Complaint. The Complaint instead refers to "Sub-installations". Although "Sub-installations" is an unclear and confusing term that has no legal meaning or relevance under the Copyright Act, Plaintiff seems to expect the Court and Defendant to understand its contours.

As Mackie alleges that Hipple "used the image of the Sub-installation" and "obliterated Mackie's copyright notice, but used other parts of the rest of the Sub-installation", Defendant can only surmise that a copyright notice plus some other element comprises the term "Sub-installations". Compl. ¶ 12, 13.

This lack of specific criteria is not a trivial omission.[2] Without alleging sufficient facts sufficient to show specific criteria Plaintiff alleges to have been copied, Plaintiff fails under the

---

[1] As opposed to the intrinsic test, which is examines an ordinary person's subjective impression of the similarities between the two works, and is the territory of the jury.

[2] Looked at from a different direction but the logically related to substantial similarity, Plaintiff also has not overcome the *de minimus* barrier. In cases where only a portion of a copyrighted work is allegedly copied, courts apply a threshold inquiry into whether the portion copied was de

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 5
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

extrinsic test. Failure of this test then corrupts a showing of substantial similarity, which is then fatal to Plaintiff's claim of copyright infringement. As the only issue in this case is copyright infringement, judgment as a matter of law is appropriate.

**C.   Plaintiff Has Not Alleged a Cognizable Legal Theory Sufficient to Establish that Mr. Hipple's Alleged Conduct Constituted Copyright Infringement.**

1. As a Matter of Law, Plaintiff's Work Contains No Copyrightable Original Expression.

Under the Copyright Act "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a) (2006). The Copyright Act expressly excludes certain material from copyright protection. "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b) (2006). *See also: Satava v. Lowrey*, 323 F. 3d 805, 810 (9th Cir 2003). Moreover, a "party claiming infringement may place '*no reliance upon any similarity in expression resulting from*' unprotectable elements." *Apple Computer, Inc. v. Microsoft Corp.* 35 F.3d 1435, 1446 (9th Cir. 1994) (citing *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987) (emphasis in *Aliotti*).

---

minimis, under the maxim *de minimis non curat lex* (i.e., "the law does not concern itself with trifles"). *See, e.g., Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004). If the copying is de minimis, there is no actionable copyright infringement.

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 6
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

Here, Plaintiff's work consists entirely of the illustrated procedure—embodied in bronze and placed in a public sidewalk—for performing the dance step "The Mambo." While dance steps are arguably protectable as "choreographic works" under the Copyright Act, Plaintiff did not create and makes no claim to the choreography of "The Mambo."

Therefore, Plaintiff's assertion that "[f]acts asserted [in the complaint] show that defendants have infringed Mr. Mackie's copyright" fails because Plaintiff's work consists only of a process *expressly excluded* from copyright protection under 17 U.S.C. § 102(b). Absent a valid copyright, there cannot be an actionable copyright infringement. Accordingly, as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed.

2. As a Matter of Law, The Work is a Derivative of a Preexisting Work that Does Not Meet the Heightened Originality Requirements for Derivative Works.

The Copyright Act defines a derivative work as "a work based upon one or more preexisting works, such as a[n] . . . art reproduction . . . or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101 (2006). While derivative works may themselves be copyrightable under 17 U.S.C. § 103(a), the derivative works are subject to a heightened standard for originality. "[T]he copyright protection afforded to derivative works is more limited than it is for original works of authorship." *Entertainment Research v. Genesis Creative Group*, 122 F. 3d 1211, 1218–19 (9th Cir. 1997). "Specifically, Section 103(b) provides that the copyright in a derivative work 'extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work.'" *Id.*

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 7
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

(citing 17 U.S.C. § 103(b) (2006); see also *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir.1979)).

According to the complaint, the relevant portion of Plaintiff's work is a derivative of the dance step "The Mambo," a preexisting choreographic work to which Plaintiff makes no copyright claim. Compl. ¶ 5. Specifically, the Work is an instruction for performing the preexisting choreographic work. Therefore, Plaintiff's copyright interest in the Work is limited only to the creative contribution of the Authors under *Entertainment Research* and 17 U.S.C. § 103(b). Preexisting elements of the work that are not original to Plaintiff include (i) the positioning of the shoe and arrow elements; (ii) the designations of whether a dancer's right or left foot should land on the appointed position; (iii) the sequence by which the dancer should assume the positions; and (iv) any other instructional depiction useful in performing the preexisting work. The shoe elements also appear to be preexisting elements non-original to Plaintiff, but to the extent that they are not preexisting elements they are so generic as to fail the originality standard for copyright protection.

After these preexisting elements are removed from consideration, the Work evinces no original expression sufficient to qualify it for copyright protection. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the alternative, to the extent that the Work evinces the creativity required for copyright protection, Mr. Hipple's Photograph copies only the preexisting work, not Plaintiff's copyrightable expression. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the alternative, to the extent that the Work evinces the creativity required for copyright protection, and Mr. Hipple's

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 8
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

Photograph depicts some portion of the Authors' original expression, the portion of original expression depicted is so insubstantial as to render the alleged copying *de minimus* under *Newton*. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed.

### 3. As a Matter of Law, The Work Consists of Utilitarian Elements and therefore does not meet the heightened Originality Requirements for Sculptural Works.

A heightened standard of originality also applies to sculptural works in general. The Copyright Act specifically states that

> insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article [ordinarily not copyrightable] . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

*Entertainment Research*, 122 F.3d. at 1221 (citing 17 U.S.C. § 101). Accordingly, any aspects of Plaintiff's sculpture that are "functional, utilitarian, or mechanical cannot be given any copyright protection." *Id.*

Here, the relevant portion of Plaintiff's work depicts functional elements required for instructing performance of the dance step "The Mambo." Therefore, Plaintiff's copyright interest in the Work is limited only to the non-functional creative contribution of the Authors under *Entertainment Research* and 17 U.S.C. § 101. Functional elements of the work that are not protectable by Plaintiff include (i) the positioning of the shoe and arrow elements; (ii) the designations of whether a dancer's right or left foot should land on the appointed position; (iii) the sequence by which the dancer should assume the positions; and (iv) any other instructional depiction useful in instructing performance of "The Mambo."

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 9
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

After these functional elements are removed from consideration, the Work evinces no original expression sufficient to qualify it for copyright protection. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the alternative, to the extent that the Work evinces creative, non-functional expression required for copyright protection, Mr. Hipple's Photograph does not depict these creative elements. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the alternative, to the extent that the Work evinces the creative, non-functional elements required for copyright protection, and Mr. Hipple's Photograph depicts some portion of the Authors' creative elements, the portion of creative elements depicted is so insubstantial as to render the alleged copying *de minimus* under *Newton*. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed.

### 4. As a Matter of Law, the Sub-parts of The Authors' Work are Slavish Copies of Pre-existing Material or are Otherwise Unoriginal.

To qualify for Copyright protection, a "work must be 'independently created by the author (as opposed to copied from other works).'" *Meshwerks v. Toyota Motor Sales USA*, 528 F.3d 1258, 1262 (10th Cir., 2008) (citing *Feist*, 499 U.S. at 346). "The copyright power is said to exist primarily 'not to reward the labor of authors, but to promote the progress of science and the useful arts.'" *Id.* (citing *Feist*, 499 U.S. at 349–50). The Supreme Court in *Feist* goes to great lengths to clarify that an author's hard work or technical skill ("sweat of the brow") is insufficient to qualify the resulting work for copyright protection. *See Feist*, 499 U.S. 351–61.

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 10
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

The originality requirement of the Copyright Act "rules out protecting [material] which the plaintiff by no stretch of the imagination could be called the author." *Id.* at 361.

To the extent that Plaintiff may argue that portions of the Work are protectable because certain sub-parts of the work evince original expression, that argument must fail as a matter of law. Here, as noted above, Plaintiff's work consists of three types of sub-parts: Shoe parts, arrow parts, and decorative plaques. Because no decorative plaques appear in the Photograph, we will not address them here. The shoe parts present in the Photograph consist of two further sub-parts, a pair of men's shoes and a pair of women's shoes. All shoe parts appear to be mere castings of actual shoes, or, at best, are generic depictions of standard men's and women's dance shoes. The Arrow parts show a typical triangular head and linear tail, and the tail may be straight or curved as appropriate to illustrate the proper sequence from one part of the dance steps to the next.

Because the shoe parts appear to be mere castings of actual shoes, under *Feist* such parts are copies of preexisting material and therefore are not protectable under copyright law no matter the amount of work or skill required to create them. Because the arrow parts each depict an arrow in its simplest form without embellishment, and because any curvature or positioning of the arrows is merely functional, the arrow parts do not show the "modicum of creativity" required to establish the requisite originality for copyright protection.

To the extent that Plaintiff claims copyright infringement based on the individual shoe and arrow parts contained in the Work and present in the Photograph, these parts do not show the requisite originality for copyright protection. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 11
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

alternative, to the extent that the shoe and arrow parts of the Work evince the creativity required for copyright protection, Mr. Hipple's Photograph does not depict the creative aspects of the parts. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed. In the alternative, to the extent that the shoe and arrow parts of the Work evince the creativity required for copyright protection, and Mr. Hipple's Photograph depicts some portion of the creative aspect of the parts, the portion of the creative aspects of the parts depicted is so insubstantial as to render the alleged copying *de minimus* under *Newton*. Therefore as a matter of law the complaint is insufficient to support Plaintiff's claim for copyright infringement and must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has not set alleged facts sufficient to establish copyright infringement and has not alleged a cognizable legal theory sufficient to establish that Mr. Hipple's alleged conduct constituted copyright infringement. Therefore Plaintiff has failed to state a claim upon which relief can be granted and this Court should dismiss the Amended Complaint with prejudice.

DATED this 13th of January 2010.

_____
John E. Grant, Esq. (WSBA # 39539)
Imua Legal Advisors
1752 NW Market St., #211
Seattle, WA 98107
email: john@imualaw.com
Counsel for Defendant Michael J. Hipple

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 12
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

# Exhibit A

Defendant's Motion to Dismiss Pursuant to
Fed. R. Civ. P. 12(b)(6) – Page 13
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183



The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK MACKIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. HIPPLE, et al.,<br><br>Defendants. | Case No. 09-00164-RSL<br><br>**ORDER DISMISSING CASE**<br><br>**CLERK'S ACTION REQUIRED**<br><br>**[PROPOSED]** |

This matter is before the Court on Defendant Michael J. Hipple's motion to Dismiss Plaintiff Jack Mackie's Amended Complaint for failure to state a claim on which relief can be granted. The Court reviewed all the materials submitted by the parties and heard argument from counsel. The Court is fully informed on this matter and finds as follows:

A. Plaintiff has not set alleged facts sufficient to establish copyright infringement; and

B. Plaintiff has not alleged a cognizable legal theory sufficient to establish that Defendant's alleged conduct constitutes copyright infringement.

Order to Dismiss Pursuant to Fed. R. Civ. P.
12(b)(6) (Proposed)– Page 1
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182 Fax 206-903-8183

Therefore the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The Court thus ORDERS that Defendant's motion to Dismiss is GRANTED, and Plaintiff's claims against Defendant are DISMISSED in their entirety with prejudice.

Dated this _____ day of _____, 2010

_____
The Honorable Robert S. Lasnik
United States District Judge

Presented by:

_____
John E. Grant, WSBA # 39539
Imua Legal Advisors
Attorney for Defendant Michael J. Hipple

Order to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Proposed)– Page 2
Cause No. 09-00164-RSL

IMUA LEGAL ADVISORS
1752 NW Market St., # 211
Seattle, WA 98107
Tel 206-903-8182  Fax 206-903-8183

CERTIFICATE OF SERVICE

I, John E. Grant, hereby certify on the 13th day of January, 2010, I have caused the foregoing DEFENDANT'S MOTION TO DISMISS to be presented to the clerk of the court for filing and uploading to the CM/ECF system, and also served upon Plaintiff Jack Mackie's counsel of record, Thomas W. Hayton, by email to tomhayton@cnhlaw.com.

\_\_/s/ John E. Grant_____
John E. Grant

Certificate of Service for Motion to Dismiss
Cause No. 09-00164-RSL