The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK MACKIE, an individual, | No. 09-00164-RSL |
| Plaintiff, | |
| vs. | PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS |
| MICHAEL J. HIPPLE, an individual; AGE FOTOSTOCK AMERICA, INC., a Delaware Corporation; and PUBLITEK, INC. dba FOTOSEARCH LLC, a Wisconsin Corporation, | |
| Defendants. | |

**A. Introduction; facts**

Defendant misrepresents our Complaint and adds facts of unknown origin.

The Complaint, and its attachments, describe Mr. Mackie's creation of the Dance

Steps on Broadway, its nature as a collection of eight fanciful groups of bronzed numbered

shoes and directional arrows embedded in separate sites along Broadway Avenue. Each

of the eight clusters reflects dancers engaged in some real or imagined dance and is

accompanied with a plaque bearing both the name of the dance and a copyright notice.

When given the opportunity to do so, Mr. Mackie will describe his artistic process

and the over-all success of his work. Suffice it to say now that his process and work is not

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 1

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

recognizable in Defendant's various put-downs.

Mackie applied for an received copyright registration.   A copy is attached to the Complaint.

Each dance step cluster is defined by the Complaint, simply for convenience, as a Sub-installation. That for the Mambo folk form is alleged to have been used by Defendant, without authority, as the subject of a commercial photograph which he later offered for sale to the public through the offices of his co-defendants.   Copies of the co-defendants' web pages in which the photo at issue is distributed are attached to the Complaint. The Complaint asserts that one can recognize the Mambo Sub-installation in the photo.

Defendant took the liberty of adding to his motion a larger version of the offending photo.   We respond by providing a photo of the Mambo Sub-installation and a publicly available description of the etiology of the Mambo.  A comparison of the photos shows that the infringing one was taken from the top or at least vicinity of the copyright notice.  In passages of this motion (which were identified by us in response to Defendants recent motion to stay discovery etc.), and in the recently completed Joint Statement[1], Defendant concedes that the photo is of the Mambo sub-installation.

**B. Argument**

Defendant correctly states the standard for judging the sufficiency of complaints but badly exaggerates its application; none of his cases stand for the proposition that Rule12b6 properly applies to those elements on which his motion focuses.

**1.   General standard for sufficiency of Complaint**

As the motion argues at 3/9 - 23 (*citing Twomby*, *Robertson*, and *Sadler*),  the standard for Rule 12(b)(6) motions is whether the attacked complaint identifies some

---

[1]  This is a copyright infringement case concerning a photograph by Defendant Hipple, a professional photographer, which includes a portion of a sculpture by Plaintiff Mackie, a professional artist and designer.

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 2

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

fact(s) upon which it is reasonably possible to infer plaintiff's eventual satisfaction of the elements of a cause of action. A plaintiff may not rely simply on formulaic legal terminology. The *Twomby* Court, for example, found an anti-trust complaint insufficient where, for the necessary "collusion" element, the plaintiff said only that it *believed there was on based on the fact that all competitors behaved in a parallel, non-competitive fashion*. This ran afoul of the obligation to at least suggest knowledge of sufficient facts because parallel activity specifically is not prohibited. This, however, is not intended to supplant modern liberal pleading rules.

Defendant summarizes those complaints which fail as "specious" propositions; that, then, is a negative way of expressing this standard. (Motion, 3/9)

This standard, as even Defendant's cases make clear, still is not intended to substitute code pleading for modern notice pleading rules, *see Bell Atlantic v. Twomby*, 440 U.S. 544, 555 (2007) (*citing* the language of Fed. R. Civ. P. 8(a)(2): "short and plain statement of the claim, showing that the pleader is entitled to relief"), or standards for review under Fed. R. Civ. P. 12(b)(6), *see Sadler v. State Farm*, 2007 WL 2778257 at * 1, (court assumes the truth of all allegations and also all reasonable inferences to be drawn from them; it is not necessary for plaintiff to plead details). *See also FragrancNet.com v. FragranceX.com*, __F. Supp. __, 2010 WL 174159 (E.D.N.Y. January 14, 2010) and *Carter v. Hubert*, 2008 WL 2598734 (MD.La., 2008).[2]

Cases (again, including his of *Sadler* and *Robertson*) also are not as draconian as the motion in terms of result; generally the plaintiff is offered a chance to amend

---

[2] The latter two say that factual detail is not required in a complaint in order to satisfy 12(b)(6) and, rather, trial proof can be anything consistent with the legal and factual outline of the complaint.

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 3

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

**2.    Improper (and otherwise wrong) attempt to apply pleading standard to issue of whether junior use is "substantially similar" to senior use**

### 2.1    Damage

Defendant is critical of Mr. Mackie for pleading copyright infringement without, Defendant says, specificity concerning "damage." (Motion 3/13). He provides no authority for the notion that the above-referenced pleading standards requires anything more than facts stating or inferring infringement. The reason for this absence is that financial damage to the copyright holder is inherent in the infringement of his/her copyright–and he/she is entitled to equitable and financial relief. To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Indeed, the pleading rules say allegations of damages *are not* necessary: after the above-quoted language concerning the provision of a "short and plain" statement of claim, Rule 8 goes on to say simply that the Plaintiff include a "demand for the relief sought."

Mr. Mackie's complaint alleges that the co-defendant electronic photograph stock catalogs, under contract with Defendant, distributed for sale copies of Defendant's photograph (with its unauthorized copies of Mr. Mackie's work).[3] This should be a more than sufficient statement that Mackie's protection against unauthorized use (including making and distributing derivative works 17 U.S.C. § 101) has been infringed

---

[3] One relevant passage of the Complaint says that "Hipple unilaterally used the image of the Sub-installation in a piece of graphic art . . . [and] provided . . . [it] for use by [co-defendants] knowing that the images were to be provided for purchase by customers of . . . [co-defendants] on their webpages. The subject Sub-installation is plainly recognizable in [Hipple's photo]." Complaint ¶ 12.

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 4

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

and Defendant is one of the responsible parties. *Axelrod v. Simon & Schuster*, 24 WL 2412257 (S.D.N.Y. 2007) (allegation that one defendant sold no-longer-licensed copies to third parties with knowledge that they would continue distribution is sufficient for pleading of contributory or vicarious infringement).

## 2.2    Substantial similarity

Defendant insists that Mr. Mackie needed to plead his specific *circumstantial* proof of copying. (4/7) Appropriate circumstantial proof that the similar appearance of the junior use is not mere coincidence consists of demonstration that the alleged infringer had access to the senior use and the junior use is so similar as to demonstrate its relationship with the senior use. *Krofft Television Productions v. McDonald's Corp.*, 562 F. 2d 1157, 1164 (9th Cir. 1977). The test has two phases ("extrinsic" and "intrinsic"). *Id.* While both are based on facts, the first (which depends upon a comparison of technical qualities like themes, materials, subject matter and setting) might be resolved on summary judgment. *Id.* The "intrinsic" test then centers on the response of ordinary people as to whether the junior use repeated the senior uses' concept and feel. *Id.* The extrinsic test might require resolution by a finder of fact based on over-all impression; the intrinsic test always does. *Id.*

Defendant's own authority (*Funky Films v. Time* Warner, 462 F. 3d 1072, 1076 (9th Cir. 2006) and *Three Boys Music v. Bolton*, 212 F. 3d 477, 481 (9th Cir. 2000)) says that the test for circumstantial evidence is irrelevant in cases (as this one) of direct evidence of copying. Plaintiff need not prove copying circumstantially if he/she can prove it directly. *Accord, Kunycia v. Melville Realty Co.*, 755 F.Supp.566, 575 (E.D.Mich. 2008). The present case, after all, is about a photograph of a copyrighted

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 5

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

sculpture rather than a copy-cat sculpture.  This is the reason why circumstantial proof

subject is missing from cases like *Feist v. Rural Telephone*, 399 U.S. 340 (1991); the

defendant conceded copying but contested copyright protection of the original.

Even where circumstantial evidence is needed to prove that defendant infringed,

whether the victim sufficiently proves that is a question of fact, not pleading

requirements.  None of defendant's cases are about the sufficiency of a complaint to

outline the details of his/her proposed proof of similarity; all of them are the results,

rather, of hearings on the facts.  *Funky Films v. Time Warner*, 462 F.3d 1072 (9th Cir.

2006) is a summary judgment decision said require detailed examination of the senior

and junior works.  It also characterizes all aspects of the circumstantial evidence tests as

"fact-based."  *Three Boys* resolved the issue of substantial similarity only by jury trial.

It discussed, at 485, the needed (or normal) utilization of expert witnesses in part of the

analysis.  *Kouf v. Walt Disney Pictures*, 16 F. 3d 1042 (1994) was decided on summary

judgment.  *Frybarger v. IBM Corp.*, 812 F. 2d 525 (9th Cir. 1987) was resolved on

summary judgment.  *Krofft* was decided by a jury.  *See also*, *Cavalier v. Random House*,

297 F. 3d 815 (9th Cir 2002) (applying extrinsic test to facts presented in summary

judgment without reference to the detail of allegations in the complaint other than that it

alleged that defendant published books virtually identical to plaintiff's).

The proper test where the defendant claims that the amount actually copied is a

trifling is the so-called "de minimus" test.  *See*, *Newton v. Diamond*, 388 F. 3d 1189 (9th

Cir. 2004) (also cited by Defendant).  The *Newton* Court said that its test was similar in

scope and fact-intensity to the "intrinsic" phase of the test for circumstantial proof: an

audience of average viewers  defines whether a relationship between junior and senior

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

uses is evident.  Further, a very small amount of copying can still be infringing.  For instance, in *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985), the copying of 300 words from an unpublished manuscript of 200,000 words was held to be infringing.

### 3.    Extrapolation of pleading standards to substantive requirements for copyrightability of senior use

In one half of the motion defendant presumes to use Rule 12(b)(6) to debate the substantive legitimacy of Mr. Mackie's copyright, claiming it lacks sufficient creativity (8/3) and/or is about (1) merely a procedure (7/8) or (2) merely a utilitarian object (9/14).  None of his cases say that Rule 12(b)(6) is the proper vehicle for a motion; all emphasize the fact-intensive nature of the necessary analysis and were decided on summary judgment or trial on the merits.

Fairly considered, there also is nothing in Defendant's various arguments foretells of eventual success.

### 3.1   *Challenge to the creativity of Mr. Mackie's work*

Defendant dismisses Mackie's work as a merely a bunch of shoe prints, numbers and directional arrows, all of which (he says) are simplistic and, worse, themselves copied. (Motion, 8/3).

### 3.1.1    *Inappropriate for resolution under Rule 12(b)(6)*

Creativity is inherently a factual question and, thus, not one resolvable in a Rule 12(b)(6) motion. *FragranceNet.com v. FragranceX.com*, ___F. Supp. 2d __, 2010 WL 174159 (EDNY Jan. 14, 2010).[4]

---

[4] This case concerns claims of unauthorized re-use by defendant (it its website page advertising products) of plaintiff's "copyrighted images" which plaintiff used for similar

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 7

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

Both of Defendant's cases on this subject also were decided on the facts. *Entertainment Research v. Genesis*, 122 F. 3d 1211 (9th Cir. 1997) resolved the question of copyrightability of 3 dimensional cartoon costumes on summary judgment and *Russell v. Price*, 612 F. 2d 1123 (9th Cir. 1980) confirmed the copyright of a play (being infringed by a derived movie) by judgment after hearing on the facts.

### 3.1.2    *No reason to predict success on the merits*

*Presumption of legitimacy from registration.*  Defendant recognizes, but then ignores, the existence of a copyright registration for the entirety of Mr. Mackie's work. That  presumes the propriety of Mackie's copyright.  17 USC § 410 ( c).

*Creativity requirement is very modest.*  The requisite amount of creativity is very slight.  *Feist v. Rural Telephone Service*, 499 U.S. 340, 345 (1991).  It predictably is satisfied even by mere collections of data[5] and is not judged by the relative simplicity of lines (assuming that is what Defendant criticizes here).  *Feist* re-states a long-standing rule; the copyright protection of posters of realistically depicting circus performers were upheld against attacks on grounds of lack of artistic merit and sophistication.  *See*, *Bleistein v. Donaldson Lithographing*, 188 U.S. 239 (1903).  The Ninth Circuit Court used the same concept to uphold the copyright of advertising photographs of a vodka bottle in *ETS-Hokin v. Skyy Spirits*, 225 F. 3d 1068 (9th Cir. 2000).  (We note that

---

purpose in its own website. On the question of creativity of the senior use, which defendant challenged, the Court said: "typically, when the originality of a copyrighted work is at issue, it becomes a question of fact for a jury to resolve . . . [or, at the least] "on a motion for summary judgment after the parties have conducted discovery and had the opportunity to submit evidence on the issue." [internal quotes and citations deleted].

[5]The collection of data at issue in *Feist*–a rural telephone directory–did not qualify because the Court found that the method of organizing the data (mere alphabetical ordering) was too simple.

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 8

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

Defendant's own claim to copyright of his photo (based on Mackie's work) consists

simply of his use of a fish-eye camera lense and inclusion of a dancing slipper. (Motion

2/18 - 3/2)).

As to the notion that there is no creativity in the original because it itself is a

copy, Defendant's own authority (*Entertainment Research* at 1218) says (naturally) that

it is his obligation to produce the supposedly original graphic of dancing feet.

Defendant is profoundly silent on exactly what that original image was and his

presumption on this score deserves no consideration.

*Deconstruction analysis inappropriate.*

Here and elsewhere in the motion Defendant employs an analytical method

marked by deconstruction of the original into its component parts–and then to claim that

they are both simple (curved arrows, for example) and insufficiently qualified for

copyright protection. *See* Motion 8, 9 & 11.

Any comparison so dependent upon the  isolated parts of the original is

fallacious; it is the collection of elements which is important:

> The proposition that standard or common features are not protected is
> inconsistent with copyright law.  To merit protection . . . a work need not
> be particularly novel or unusual it need only have been independently
> created.

*Mattel v. Goldberger Doll Mfg. Co.*, 365 F. 3d 133 (2nd Cir. 2004) (collection of

common doll  elements, *e.g.*, full faces, pert notes, bow lips, wide eyes and slim figures

can be protected by copyright).  Some of  Defendant's cases are in accord.  *See*, *Sativa v.*

*Lowry*, 323 F. 3d 805, 811 (9th Cir. 2003)(using the analogy to music notes (where each

note is not protected but collections assembled in tunes are); *Three Boys Music v. Bolton*

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 9

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

at 485.[6]  *See also, Krofft v. McDonald's* at 1165 (analytic approach to emphasize all dissimilarities inappropriate in intrinsic test of substantial similarity which relies upon common impressions); *accord Aliotti v. Dankin*, 831 F. 2d 898, 901 (9th Cir. 1987).

Defendant's analysis also is made defective by his more than occasional dismissal of elements as simple based only on his guess about their provenance.[7]

Defendant relies on *Apple Computer v. Microsoft*, 35 F. 3d 1435 (9th Cir. 1994) as authority for not only deconstruction but also eliminating those deemed unprotectable in the later comparison of the original to the copy.  Motion 6/16.  That case does so provide, but only in the unique circumstance that some of the allegedly similarities owe to earlier licenses between the plaintiff and defendant.

Equally improper is Defendant's evident argument, *see* Motion 2, which (relying on undocumented facts–also a problem) emphasizes how many parts of Mr. Mackie's work do *not* appear in Defendant's photo.  *Sheldon v. Metro-Goldwyn Pictures*, 81 F. 2d 49, 56 (9th Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate.")

### 3.2  *Challenge to the copyrighability of the work as merely a procedure*

Defendant also characterizes Mackie's embedded dance steps as a mere procedure.  (7/8; "copyright protection does not extend to any . . . procedure").

#### 3.2.1  *No reason ever to predict success on the merits*

---

[6] "It is well settled that a jury may find a combination of unprotectible elements to be protictible under the extrinsic test because the over-all impact and effect indicate substantial appropriation."   [citations deleted].

[7] "Because the shoe parts appear to be mere castings of actual shoes, under *Feist* such parts are copies of preexisting material and therefore are not protectable under copyright law . . ."  Motion 11/15 - 16.

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 10

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

Defendant first (wrongly) conflates Mackie's depiction of dancers with the dance itself. (He earlier conceded knowing the difference: at Motion 7/4 he said that Mackie's copyright was limited to the depiction but not the dance movement itself.)

Defendant then fails to provide any authority whatever (and we know of none) which equates "procedure" with any dance or dance "instruction" or "illustration" (both of which adjectives Defendant uses to describe Mackie's work. His only case on this subject is *Satava v. Lowry*, 323 F. 3d 805 (9th Cir. 2003) in which a commercial artist was unsuccessful at stopping others from making "glass-in-glass" sculptures because that is a (well established) fabrication technique.

Even if we were to understate Mackie's work as an instructional device for dancing lessons, those instructions themselves would be copyrightable. *Baker v. Selden,* 101 U.S. 99, 101-2 (1879) (copyright of text book inventing and describing double entry accounting is enforceable, but author is not thereby entitled to royalties for all who practice that accounting technique). Choreography (*i.e.*, live or video dance performances), although presumably more complete instructional guides to particular dances, are explicitly made copyrightable–since they too are depictions of dances. *See* 17 USC § 102(a).

Inherent in the availability of other text descriptions and visual choreography presentations is the fact that there are many ways to depict any dance. Mackie's copyright, thus, cannot run afoul of the so-called "merger" doctrine which disallows copyright to a depiction which is synonymous with and necessary to describe an idea. *Ets-Hokin* at 1082.

Finally, we note the irony in Defendant's own claim to copyright, which is of

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 11

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

1  Mackie's work but likewise not intended to be dance instructions but rather an image of

2  "a person interacting with a portion of the public art sculpture apparently performing the

3  dance step depicted."  (Motion 2/18)

4        **3.3    *Challenge to the copyrightability of the work as merely a utilitarian***

5  ***thing***

6        Defendant ends by branding Mackie's work as a utilitarian object, citing the

7  restriction on copyright for them.  (9/14)  (Separate designs on useful objects may be

8  protected by copyright, but not the useful article itself.)  17 USC § 101 (definition of

9  pictorial, graphic or sculptural work).

10        Defendant once again is trying to force a factual decision in a 12 (b)(6) motion.

11  "Mere procedure" to do what?  And, assuming arguendo that one could learn a dance

12  from the sculpture, that does not strip it of its copyrightability:

13

14

15        **. . . the design of a statue portraying a dancer, created merely for its
        expressive form, continues to be copyrightable even when it has been
        included as the base of a lamp which is utilitarian. *See Mazer v. Stein,*
        347 U.S. 201, 205, 74 S.Ct. 460, 463, 98 L.Ed. 630 (1954). The objective
        in designing a chair is to create a utilitarian object, albeit an
        aesthetically pleasing one; the objective in creating a statue of a
        dancer is to express the idea of a dancer.** As the Act makes the
        distinction, a useful article has as its function something more than
        portraying its own appearance. *See* 17 U.S.C. § 101 (defining "useful
        article").

20  *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 493

21  (4th Cir. 1996).  [Emphasis added; holding that taxidermist's sculpted forms of animals

22  were copyrightable.]

23        ***3.3.1  Inappropriate for resolution under Rule 12(b)(6)***

24

25

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 12

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

Defendant cites no authority the proposition that this issue can be resolved on the pleadings. His only case, *Entertainment Research*, required factual inquiry and a summary judgment before it could be decided whether all features of the costume at issue were necessary for its function as clothing (*i.e.*, to fit a human) and, thus, not subject to copyright.

### 3.3.2    *No reason ever to predict success on the merits*

This restriction addresses only practical objects like tools, equipment and mechanical devices. *See Ets-Hopkin*, at 1080 (vodka bottle is just a functional thing without a distinctive shape, and so is not copyrightable). No authority cited or known equates "mechanical or utilitarian aspects" with artistic dance, dance instructions, dance depictions or anything of the like. That choreography is expressly included as a copyrightable thing should dispense with the prospect that dance could be a utilitarian object just as it should dispense with the prospect that dance steps are "procedures."

### C.  Conclusion

It cannot be that anyone reasonably believes that Mr. Mackie's position here to be specious. By Defendant's own standard, then, his motion must fail.

Dated this 1st day of February, 2010.

Robert G. Nylander (WSBA #17264)
Thomas W. Hayton (WSBA # 5657)
Philip E. Cutler (WSBA # 5084)
Cutler Nylander & Hayton, P.S.
1191 Second Avenue, Suite 1650
Seattle, WA 98101
Email: rgnylander@cnhlaw.com
Email: tomhayton@cnhlaw.com

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 13

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

1    Email: philcutler@cnhlaw.com
     Counsel for Plaintiff Jack Mackie

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

No. 2:09-cv-00164-RSL

Plaintiff's Opposition to Motion to Dismiss - 14

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600