The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK MACKIE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. HIPPLE, an individual; AGE FOTOSTOCK AMERICA, INC., a Delaware Corporation; and PUBLITEK, INC. dba FOTOSEARCH LLC, a Wisconsin Corporation,<br><br>　　　　Defendants. | No. 09-00164-RSL<br><br>PLAINTIFF'S SURREPLY TO DOCKET # 28 |

A reply is not the place for new arguments. *Cross v. State*, 911 F. 2d 341, 345 (9th Cir. 1990). Moving parties, likewise, should not misstate positions.

1. **Defendant has misstated positions**

　　1.1　Defendant, claiming confusion over our use of "copy" to describe the photo, misstates Mackie's characterization of it as a duplication. *See,* Reply 5/10 et seq. "Copy" refers to all types of *copy*right infringement. *S.O.S. Inc. v. Payday, Inc.*, 886 F. 2d 1081, 1085, fn. 3 (9th Cir. 1989). Mackie's Complaint (at ¶¶ 9, 11, 12 & 13) and attachments make clear that his objection is to the inclusion (with other things) of part of the Work's image.

　　1.2　Defendant says that Mackie resists Defendant's statement of Rule 12(b)(6) standards. *See e.g.,* Motion 2/1 & 6. Mackie, however, agreed with the standards but showed that none of Defendant's cases applied them to the copyright elements on which the Motion is based (viz., damage, substantial similarity, relative creativity, mere procedure and

No. 2:09-cv-00164-RSL

Plaintiff's Surreply Regarding Docket # 28　- 1

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

mere useful object). Opposition 2/16 - 19.

The parts of the Reply which should not be considered because of this strawman argument are (1) the additional cases on the general standard (*Gavish*, *Citibank*, and *Leeds*) and (2) the *Gottleib* case (Reply fn. 3). *Gottleib* used the general standards to dismiss, as "de minimus," one copyright claim but it does not show that any of the cases cited in the Motion substantiate Defendant's application of the standards to his particularized elements (which was the issue). It also is *inconsistent* with the Motion's one case (*Newton*) on the "de minimus" defense. *Newton* shows a Ninth Circuit rule against resolving that issue as a matter of law.

1.3  Defendant says he added no new facts, Reply 3/13, whereas the Motion (at 2/10 et sec) inserts unsubstantiated assertions that "the Work . . . contains 138 shoes along with 80 arrows and 8 decorative title plaques for a total of 226 discrete sub-parts." Opposition at 10/11 - 12

1.4  He says *Mackie* added facts. Reply 5/2 -3,[1] 4/12 ("[f]or the first time, describe[s] . . . [Mackie's Work] as a 'depiction of dancers'").[2] That is false: the Complaint at ¶¶ 5 & 9 says virtually the same thing: "all . . . eight sub-installations [of which] fancifully depict dance movements. Each such sub-installation include[s] bronze shoe soles and arrow diagrams. Each . . . is installed in public sidewalks adjacent to Broadway Avenue in Seattle . ."

**2.    New (and errant) arguments**

**2.1  New challenge to the Dance Steps' copyright as an idea**

Defendant, referring to our reference to the Work's leaving the impression of people

---

[1] "He now describes the Work as a 'collection of eight fanciful groups of bronzed numbered shoes and directional arrows embedded in separate sites along Broadway Avenue' . . . not only is this information new . . . it mischaracterizes [it] . . ."

[2] Defendant also compares Mackie's characterizations of the Work to the copyright registration. There is nothing inconsistent between those statements either, but the present matter (less we forget) is about the sufficiency of the Complaint to withstand Defendant's motion to dismiss.

No. 2:09-cv-00164-RSL

Plaintiff's Surreply Regarding Docket # 28  - 2

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

dancing,[3] now challenges its entitlement to copyright as an idea. Reply 4/10 et seq.

This, obviously, is new. It also is wrong; to qualify for copyright protection, a work needs to embody an idea, 17 USC § 102, but there is no reason to think that the informing idea must disappear once the work is complete. *Cf. Krofft v. McDonald's Corp.* 562 F. 2d 1157, 1165 (9th Cir. 1977) (evaluation of infringement involves consideration of both the works' idea and its manifestation). Were this not the case, impressionist, representational and abstract art never would get copyrights.

### 2.2    New assertion of immunity

Defendant evidently now argues that the photo duplicates the Dance Steps, cannot be a derivative work, and, by extension, cannot be an infringing derivative work. Reply 6/16 et sec. This is both new and inconsistent with Defendant's original posture which was that Defendant added creative elements when making the photo.[4] It also is wrong: an *authorized*[5] photo of a three dimensional subject is, for a photographer, *at best* a derivative work. *Schrock v. Learning Curve Int'l*, 531 F. Supp. 2d 990 (N.D. Ill. 2008) *remanded on other grounds* 586 F. 3d 513. *See also Rogers v. Koons*, 960 F. 2d 301 (2nd Cir. 1992) (infringement of photograph by duplicating sculpture). The Seventh Circuit's *Schrock* decision, at 520-1, makes clear that duplicating photographs infringe. The same is true for reproductions of only part of the original. *Harper & Row v. Nation Enterprises*, 471 U.S. 539 (1985).

Dated this 10th day of February, 2010.

---

[3] "Each of the eight clusters [of bronzed numbered shoes and directional arrows embedded in the sidewalk] reflects dancers engaged in some real or imagined dance. . ." Opposition 1/21 - 22.

[4] The Motion, at 2/18 et seq., describes his infringing photograph as "a depict[ion of] a person interacting with a portion of the public art sculpture, apparently performing the dance step depicted." It goes on to emphasize the creative techniques used ("selective focus technique that directs the viewer's attention to part of the image." The Reply, at 7/25, is critical of Mackie for supposedly not recognizing the "value of creative contributions . . . of photographers."

[5] The junior user's need to get such authority stems from the fact that making derivatives of the original work is part of the exclusive rights of the original's author. 17 USC § 106(2)

No. 2:09-cv-00164-RSL

Plaintiff's Surreply Regarding Docket # 28  - 3

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

1
2   s/ Thomas W. Hayton
   Thomas W. Hayton (WSBA # 5657)
3   Cutler Nylander & Hayton, P.S.
   1191 Second Avenue, Suite 1650
4   Seattle, WA 98101
   Email: rgnylander@cnhlaw.com
5   Email: tomhayton@cnhlaw.com
   Email: philcutler@cnhlaw.com
6   Counsel for Plaintiff Jack Mackie

No. 2:09-cv-00164-RSL

Plaintiff's Surreply Regarding Docket # 28    - 4

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600