UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JACK MACKIE,                            )   No. C09-0164RSL
                                        )
                    Plaintiff,          )
          v.                            )
                                        )   ORDER DENYING DEFENDANT'S
MICHAEL J. HIPPLE, *et al.*,            )   MOTION FOR STAY OF DISCOVERY
                                        )
                    Defendants.         )
_____)

        This matter comes before the Court on "Defendant's Motion to Stay Discovery and Rule 26 Disclosures." Dkt. # 15. This is a copyright infringement action. On December 18, 2009, the Court ordered the parties to provide their Fed. R. Civ. P. 26(a)(1) initial disclosures on or before January 22, 2010. Defendant Michael J. Hipple filed a motion to dismiss on January 13, 2010, and now seeks to stay discovery until that motion is resolved.

        Rule 26(a)(1) "imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement." Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26. The rules do not provide an automatic stay of these disclosures if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. In the case at hand, the pending motion to dismiss not only challenges the adequacy of plaintiff's pleading, but also

ORDER DENYING DEFENDANT'S MOTION
FOR STAY OF DISCOVERY

raises issues of substantial similarity, copyrightability, and originality that the Court is not prepared to analyze at this time.

In order to avoid the prompt and orderly initiation of discovery under Rule 26(a), defendants must show that they are entitled to a protective order under Rule 26(c). The Court may, for good cause shown, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Defendant makes no effort to show that initial disclosures will cause them annoyance, embarrassment, oppression, or undue burden. Rather, defendant argues that permitting discovery while a motion to dismiss is pending could result in wasted effort if the Court were to grant the motion. This same argument could be made whenever a dispositive motion is filed – no special or exceptional circumstances exist that would justify an indefinite stay of the liberal rules of discovery that apply to this action. The fact that defendant hopes to resolve this litigation through motion practice, with no showing that the motion is likely to succeed, should not derail discovery in this litigation or otherwise thwart plaintiff's attempts to litigate the claims asserted here.

For all of the foregoing reasons, the Court finds that defendant has not shown good cause for a protective order. The motion for stay is DENIED. The parties shall make the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) within five days of the date of this order.

Dated this 2nd day of March, 2010.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR STAY OF DISCOVERY                -2-