UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK MACKIE,

          Plaintiff,

    v.

MICHAEL J. HIPPLE,

          Defendant.

No. C09-0164RSL

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendant's motion to dismiss (Dkt. # 13). Having considered the submissions of the parties, the Court DENIES defendant's motion to dismiss.[1]

## II. DISCUSSION

### A. Factual Background

These facts are taken from the complaint (Dkt. # 2). Plaintiff brings an action for the infringement of his copyright in a portion of a pictorial and sculptural work entitled "Dance Steps on Broadway," which he co-authored in 1979. The work consists of 8 installations ("sub-installations") set into the public sidewalks of Broadway Avenue in Seattle, Washington that

---

[1] Having reviewed the papers submitted by the parties, the Court finds that this matter can be decided without oral argument.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

fancifully depict various dance sequences through the use of bronze shoe-prints and arrow diagrams. Each sub-installation has its own title block listing the title of the dance depicted and a copyright notice. "Dance Steps on Broadway" was registered with the Register of Copyrights as of October 13, 1998. A copy of the certificate of registration is attached to the complaint.

Also attached to the complaint is defendant's allegedly infringing work, a photograph of a portion of the "Dance Steps on Broadway" sub-installation that depicts the Mambo. The photograph is taken from the perspective of a pedestrian and shows only a portion of the sub-installation. There are two actual feet in the upper-left corner of the photograph covering two of the bronze footprints, apparently in the process of performing the dance. The photograph is cropped so that the original's copyright notice is not visible. Defendant Hipple licensed his photograph to former co-defendants Age Fotostock America., Inc. and Publitek, Inc. so that they could sell copies of the photograph through their electronic photo catalogs. Age Fotostock America., Inc. and Publitek, Inc. have since settled with plaintiff, and the photographer Hipple is the sole remaining defendant.

**B.     Motion to Dismiss**

In a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. All allegations of material fact in the complaint are taken as true and are construed in the light most favorable to plaintiff. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir. 1992); In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)**.** However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**C.     Analysis**

Defendant moves to dismiss plaintiff's copyright infringement action because "no plausible theory consistent with the factual allegations in Mr. Mackie's amended complaint can

make out a case that Mr. Hipple committed copyright infringement, as the term is used in the Copyright Act and construed by decades of precedent." Motion at 1-2. The Court finds that plaintiff has clearly alleged facts sufficient to plead copyright infringement.

In order to establish copyright infringement, a plaintiff must show that he owns a valid copyright and that the alleged infringer copied the work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410. Copying requires evidence that a defendant literally copied the copyrighted work (as defendant did here) or, alternatively, circumstantial evidence of copying–that a defendant had access to the protected work before creating the allegedly infringing work and that the works are substantially similar. Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990).

Because plaintiff has *prima facie* proof of a valid copyright and alleges that defendant's photograph incorporates and infringes his copyright, he has stated a claim for copyright infringement. See, e.g., Gladwell Gov't Servs., Inc. v. County of Marin, 265 Fed. Appx. 624, 626 (9th Cir. 2008) ("Because Gladwell has alleged a protectable copyright interest . . . that cannot be transferred except in conformity with the requirements of the Copyright Act, Gladwell . . . has stated a claim for relief sufficient to withstand a motion to dismiss on the pleadings."). Defendant does not deny that the photograph is of a portion of a sub-installation of "Dance Steps on Broadway," but argues (1) that the photograph cannot be found to infringe according to the language of the Copyright Act[2] and (2) that, in any case, "Dance Steps on Broadway" does not have the requisite originality to qualify for copyright protection. Defendant's attacks on the validity of plaintiff's copyright are essentially arguing the facts and are not properly brought on

---

[2] Plaintiff submits a surreply (Dkt. # 32), moving to strike this argument as improperly raised for the first time in defendant's reply (Dkt. # 28). While plaintiff correctly notes defendant's timing is improper, the Court will consider the argument as it results in no prejudice to plaintiff.

a motion to dismiss. Defendant's other arguments misinterpret basic copyright law.

### 1. The Meaning of "Copy" and "Derivative Work" Under the Copyright Act

Most troubling is defendant's argument that a photograph of a copyrighted sculpture cannot infringe the copyright in that sculpture because (1) it is not a "copy" under the Copyright Act because it is fixed in another medium and (2) it is not a "derivative work" under the Copyright Act because it "merely depicts" the sculpture.

> Thus, if the Photograph is not a reproduction/copy and is not a derivative [sic] because it merely depicts the underlying objects, Plaintiff has then failed to allege copyright infringement as defined by the statute and therefore has not stated a claim upon which relief may be granted.

Reply at 6-7.

Though defendant quotes the Copyright Act ostensibly to support his first proposition that a photograph cannot be a "copy" of a sculptural work, the passages he quotes do not support that assertion. See Reply at 6. This is not surprising because even a cursory review of copyright law, which has repeatedly found copies made in other media to be infringing, refutes defendant's position. Is a song originally fixed in an audio recording not copied when transcribed to sheet music? Is a choreography sequence not copied when its performance is videotaped? As the leading treatise on the subject explains:

> The fact that a work in one medium has been copied from a work in another medium does not render it any the less a "copy." Thus, a motion picture copied from a play, or a novel, a sketch copied from a photograph, or a plaque, or a doll copied from a cartoon may be an infringing copy.

Melvin B. Nimmer & David Nimmer, Nimmer on Copyright § 8.01 (2009) (citing cases). Defendant's first proposition fails as a matter of law.

Defendant's next proposition–that his photograph could not be termed a derivative work because it "merely depicts" the underlying sculpture[3]–is apparently culled from a selective

---

[3] This argument begs the question as to whether a photograph that "merely depicts" a copyrighted work is a copy.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                    -4-

reading of one opinion and one decision which analyzed whether a photograph of an uncopyrighted object could be termed a "derivative work" of that object. See Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1077 (9th Cir. 2000) (photograph of vodka bottle not a derivative work of bottle); SHL Imaging, Inc. v. Artisan House, Inc., 117 F.Supp.2d 301, 306 (S.D.N.Y. 2000) (photographs of picture frames not derivative works of frames). These are not the facts presently before the Court.

"A derivative work consists of a contribution of original material to a pre-existing work so as to recast, transform or adapt the pre-existing work." Asia Entertainment Inc. v. Nguyen, 40 U.S.P.Q.2d 1183, 1185 (C.D. Cal. 1996) (citing Nimmer § 3.03 (1995)). In other words, a derivative work is one which takes parts of the pre-existing work and adds original elements which make it more than a mere copy. It is possible that defendant's photograph, which is taken from a particular angle and adds additional elements to the sculpture, could be termed a derivative work under this definition, but whether defendant's photograph possesses the requisite amount of originality to qualify as a derivative work under Section 103(b) of the Copyright Act is not a question currently before this Court. The Copyright Act gives the copyright holder exclusive rights to make and authorize both copies and derivative works. 17 U.S.C § 106. All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. In re Syntex, 95 F.3d at 926. Because it is possible that defendant's photograph could be found to be either a copy or derivative work of plaintiff's copyright, plaintiff has stated a claim for copyright infringement.

### 2. Substantial Similarity and Originality

Defendant offers other arguments not proper on a motion to dismiss on the pleadings. For instance, defendant argues: "assuming for the purposes of this argument that Plaintiff has sufficiently alleged ownership of copyright and conceding that Defendant had access to the Work, Plaintiff still bears the burden of proving substantial similarity." Motion at 4. The

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                -5-

question of substantial similarity is a fact-based inquiry not properly challenged in a motion to dismiss, where all factual uncertainties are resolved in the light most favorable to the plaintiff. As plaintiff points out, "None of defendant's cases [about substantial similarity] are about the sufficiency of a complaint to outline the details of his/her proposed proof of similarity; all of them are the results, rather, of hearings on the facts." Response at 6, citing, *inter alia*, Funky Films v. Time Warner, 462 F.3d 1072 (9th Cir.); Frybarger v. Int'l Bus. Mach., Corp., 812 F.2d 525 (9th Cir. 1987). The Court also notes that defendant appears to confuse the test of substantial similarity applicable to these facts by conflating "probative" substantial similarity (which is circumstantial evidence of copying when there is no actual proof of copying) with quantitative and qualitative substantial similarity (which tests whether the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement has occurred). This distinction is set out nicely in Ringgold v. Black Entertainment Television, Inc., a Second Circuit decision:

> At first glance, it might seem odd to pursue an inquiry as to "substantial similarity" even after copying as a factual matter has been established. However, the superficial anomaly reflects only a lack of appreciation of the difference between factual copying and actionable copying. The former (probative similarity) requires only the fact that the infringing work copies something from the copyrighted work; the latter (substantial similarity) requires that the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred. The qualitative component concerns the copying of expression, rather than ideas, a distinction that often turns on the level of abstraction at which the works are compared. See Nimmer § 13.03[A][1]. The quantitative component generally concerns the amount of the copyrighted work that is copied, a consideration that is especially pertinent to exact copying, see Nimmer § 13.03[A][2].

126 F.3d 70, 75 (2d Cir. 1997). The question ultimately before the Court will be not whether defendant copied any of plaintiff's work, but whether that copying is actionable. To that end, even where there is no dispute that defendant appropriated some or all of a copyrighted work, the fact finder analyzes whether there is enough substantial similarity between the works to justify a finding of infringement. See, e.g., Newton v. Diamond, 388 F.3d 1189, 1192-93 (9th Cir. 2004) (citing Ringgold, 126 F.3d at 74-75). This too is a fact-based inquiry.

Finally, defendant challenges the originality of plaintiff's work and thus the validity of plaintiff's copyright, arguing, *inter alia*, that "Dance Steps on Broadway" (1) depicts a "process" and so is not copyrightable by law; (2) is a "derivative work" that does not meet "heightened originality requirements" for derivative works; (3) consists of utilitarian elements and therefore does not meet "heightened originality requirements" for sculptural works; and (4) the constituent sub-parts of the sculpture consist of uncopyrightable elements and are therefore are not protectable. See Motion, generally. Arguments attacking the originality of plaintiff's work are foreclosed on this motion because plaintiff's certificate of registration from the United States Copyright Office entitles him to a "rebuttable presumption of originality." Smith v. Jackson, 84 F.3d 1213, 1219 (9th Cir. 1996); Ets-Hokin, 225 F.3d at 1075. Plaintiff need only state a claim upon which relief can be granted in his complaint, he need not prove his entire case.

If defendant wishes to challenge the validity of plaintiff's copyright in "Dance Steps on Broadway" or the existence of quantitative and qualitative substantial similarity between the works, or present other arguments against a finding of infringement, such as a fair use defense, he can make those arguments at trial or on a motion for summary judgment. However, these arguments do not test whether plaintiff has failed to state a claim and will not be considered on a motion to dismiss, where allegations of material fact are construed in the light most favorable to plaintiff.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss is DENIED.

DATED this 22nd day of March, 2010.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                    -7-