UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK MACKIE,
                Plaintiff,

v.

MICHAEL HIPPLE, et al,

           Defendants.

**NO.**   C09-164RSL

**DECLARATION OF SYLVIA LUPPERT**

     I Sylvia Luppert am one of the attorneys for defendant Michael Hipple.  I make this declaration in support of his motion for summary judgment that plaintiff's complaint is barred by the statutory limitations period.

     1.     Attached to this declaration as Exhibit 1 are true copies of letters from plaintiff Jack Mackie or his attorney Thomas Hayton which were produced by Mackie in discovery.

     2.     Attached to this declaration as Exhibit 2 are true copies of correspondence between Jack Mackie and his attorney Thomas Hayton to Chuck Greening.  This correspondence was produced Mr. Mackie in discovery.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_Sylvia Luppert_
Sylvia Luppert
Dated May 25, 2010 in Seattle, Washington

DECLARATION OF SYLVIA LUPPERT - 1

CUTLER & NYLANDER, P.S.
505 MADISON STREET, SUITE 220
SEATTLE WA 98104
206 340 4600
Fax: 206 340 4646

*M/GD*

Mail and Fax

Paul W. Axtell
Publisher & President
Metropolitan Living/PRIMA Publishing LLC
400 Mercer St # 408
Seattle WA 98109

**RE: Dance Steps On Broadway/"Money Matters"**

Dear Mr. Axtell:

We represent Jack Mackie who holds the registered copyright to the Dance Steps on Broadway series. Your March 2000 edition carries an illustration at p. 28, associated with an article entitled "Money Matters", which violates the copyright. With the mailed version of this letter, I am enclosing a copy of the illustration.

I would appreciate a call so that we can discuss this problem. I look forward to hearing from you.

If you have insurance, and you do not mind our suggestion, it would be a good idea to notify your company.

Sincerely,

*Tom Hayt*

Thomas Hayton

Cc:   Mr. Mackie

MACKIE 000190

CUTLER & NYLANDER, P.S.
505 MADISON STREET, SUITE 220
SEATTLE WA 98104
206 340 4600
Fax: 206 340 4646

August 21, 2000


Joanne Aaron
Director of Communications
gettyone
701 N. 34th St # 400
Seattle WA 98103

RE: Dale Windham, "Diagram of dance steps, close-up, USA"

Dear Ms. Aaron:

We represent Jack Mackie who created and holds the copyright on the
sculptural works called the Dance Steps on Broadway. In completing a case recently
on an infringement of one of the Steps, the defendants referred to the above-
mentioned Internet offering (by Stone, one of what your company calls the gettyone
brands) in what then was perceived as a defense.

I am enclosing a copy of the a screen print of the image, at least as we know it.
I also enclose the copyright registration.

The photo is of one of the eight steps, the Fox Trot. The name plaque
featured in the photo, and which helps identify the step being exploited, also bears
Mr. Mackie's copyright notice.

By this letter, we demand that you stop all use of the image and report to us
any sales to date, including licenses, copyright sales, and related transactions. Of
course, if there are other such photos of the Mackie work in your portfolio, we also
are interested in the same data on it and have the same position on whether it can
continue to be marketed.

Thank you in advance for your cooperation. I hope to receive your response in
a week from the date of this letter.

By copy of this letter directed to him, we make the same statements and
requests of Mr. Windham.

MACKIE 000001

Joanne Aaron
Page 2
August 21, 2000

Sincerely,

Thomas Hayton

Enclosures (2)

Cc:    Client
       Dale Windham, 1531 17th Ave E, Seattle 98112-2808

Ex1 P3

**MACKIE 000002**

CUTLER & NYLANDER, P.S.
505 MADISON STREET, SUITE 220
SEATTLE WA 98104
206 340 4600
Fax: 206 340 4646

August 21, 2000

Kolea Baker
Artist Representative
2814 NW 72nd St
Seattle WA 98117

RE: Jeff Brice, New Media Showcase (1997)

Dear Ms. Baker:

We represent public artist and designer Jack Mackie.   In a case we recently completed in the federal district court concerning infringements of Mackie's copyright to the works commonly called the Dance Steps on Broadway, an image by Jeff Brice came up.  I am enclosing the image, which served as the back cover to American Showcase's directory.  Mr. Brice made a collage including a photo of the Rhumba step.  (The name plaque which appears in the image also contains Mr. Mackie's copyright notice).

I also am enclosing a copy of the copyright registration.

This letter has two functions.  First, it is a demand that there be no more use of the  image.  Second, it is a demand for information about how much use already has been made, including data on the amount of use and the price received for it. Please include information about any other of the Dance Step images.

I am assuming that you still represent Mr. Brice and thus can report on all uses to date and will transmit this message to him.  If that is not correct, please provide us with such information as you can, and the date your representation relationship stopped.

I hope to receive your response within a week of the date of this letter. Thanks for your cooperation.

Ex1 P4

MACKIE 000005

LAW OFFICES

# CUTLER & NYLANDER

A PROFESSIONAL SERVICE CORPORATION
The College Club, Suite 220
505 Madison Street
Seattle, Washington 98104

Telephone: (206) 340-4600 ◆ Facsimile: (206) 340-4646

THOMAS W. HAYTON

DIRECT ☎   (206) 340 - 4604
e-mail:   tomhayton@c-nlaw.com

April 27, 2001

FILE: 6052.05

<u>Hand Delivered</u>

Horton Lantz Marocco
222 Dester Ave N
Seattle WA 98109
   Att:  Don Low, Partner

   Re:   Copyright infringement; Dance Steps on Broadway

Dear Mr. Low:

   We represent Jack Mackie, a sculptor who created the "Dance Steps on Broadway".
   We see from your website that your firm used one of the parts of that work, particularly that depicting a waltz, in a wall mural for Seattle's Best Coffee.  I have enclosed a copy of the website version of that mural.
   The Dance Steps, including all parts, are copyrighted.  The Waltz element, like all of the other seven, has a name plaque which includes a reference to Mr. Mackie and the copyright.  There also is a registration for the copyright; a copy is enclosed.
   I will appreciate hearing from you or your attorney (whom I recommend you contact about this) as soon as possible.  I want to know the extent of use of the mural (by HLM and/or SBC) and the fee realized by your firm because of this use (or any other use) of that image.  The website says that you started work for SBC in 1999.  At the risk of being presumptuous, I also suggest that you contact your liability carrier.
   Thank you in advance for your prompt response.

Sincerely,

Thomas W. Hayton

Encl
cc: Mr. Mackie

MACKIE 000018

LAW OFFICES

# CUTLER & NYLANDER

A PROFESSIONAL SERVICE CORPORATION
The College Club, Suite 220
505 Madison Street
Seattle, Washington 98104

Telephone: (206) 340-4600 ◆ Facsimile: (206) 340-4646

THOMAS W. HAYTON

DIRECT ☎  (206) 340 - 4604
e-mail:  tomhayton@c-nlaw.com

May 8, 2002

FILE: 6099

Seattle Community College District IV
1500 Harvard Ave.
Seattle WA 98122-2400

Re:   Copyright Infringement by "Seattle Central" Vol. 12 #5

Dear Sirs or Mesdames:

We represent Jack Mackie who is an owner of the copyright to the Dance Steps on Broadway.   The cover of your summer quarter catalog features a photograph of the image.  I am enclosing a copy of the cover page and Mr. Mackie's copyright registration. The work bears a clear notice of copyright protection.

Our objective now is to reach an accommodation with you short of an injunction barring further distribution, say a combination of monetary payment and a sticker to be applied by you to the remaining copies.

The controlling federal statute provides in this situation for the possibility of injunctions and monetary relief and, as to the latter, a liquidated damages schedule of up to $30,000.   Attorneys fees also are provided for registered works like this.

Thanks in advance for your prompt response.

Sincerely,

Thomas W. Hayton

cc: Mr. Mackie

Ex1 P6

MACKIE 000020

JACK MACKIE
2440 Western Avenue      #211
Seattle, WA      98121      USA
206 728 7950      j-m@qwest.net

22 June 2003

Mr. Jim Collins
201 North Palisades
Signal MOuntain, TN  37377

Dear Mr. Collins,

In 1981 I created a sculpture titled "Dance Steps on Broadway"©, for the City of Seattle. I hold the Copyright to the sculpture which was purchased by, and licensed to, the City of Seattle Arts Commission. It has been brought to my attention that you have installed a copy of this work into a Chattanooga sidewalk.

Photographs have been sent to me of your creation titled "Dance Steps", referred to in the Chattanooga Public Art Plan dated May, 2003, as a "private commission in public space" located in the Frazier Avenue sidewalks. I think it beyond question that your piece is a copy of my "Dance Steps on Broadway"©, a point clearly made in Colleen Crawford's piece in the Summer, 2002 issue of *Chattanooga on the Move* where in she writes: "Jim Collins patterned [his dance steps reproduction] after a similar set of dance steps found in the sidewalk of Seattle's Broadway Avenue."

In short, the photographs and above quote clearly document both that your Dance Steps is a direct copy or reproduction of, and was solely inspired by, my original, internationally acknowledged, copyright protected "Dance Steps on Broadway"©.

Neither I, nor the Seattle Arts Commission, have been contacted about, or granted rights to copy, reproduce or otherwise use "Dance Steps on Broadway"©.

I, like most artists, am protective of the use to which my creations are put, and to my reputation. This is of particular concern to me in Chattanooga, a city with which I have an ongoing professional relationship which is important to me. In 1992 I was commissioned to work on the Ross's Landing Plaza, characterized in the Chattanooga Public Art Plan as "A highly successful public art project". I have no doubt that the Plaza commission was based in part on my successful realization of the original "Dance Steps on Broadway"©. I fear that my reputation as an artist in Chattanooga has been damaged by your copy, without my permission, of my original work in a manner that is, in my opinion, lacking the original artwork's qualities.

Before consulting a lawyer or otherwise taking steps to protect my work, I write to you to extend you the courtesy of explaining the background of the piece from your perspective including who has been told what with respect to the relationship of your copy to my original piece.

MACKIE 000090

Thomas W. Hayton
Telephone 206 340-4604

July 26, 2006

File:6051.09

EK Real Estate Group LLC
100 4ᵗʰ Ave. N. # 155
Seattle WA 98109

 Att:  Edward Krigsman

Dear Mr. Krigsman

 We represent Jack Mackie, creator and copyright holder of the Dance Steps on Broadway.  Your advertisements for Mezzo condominium infringe the copyright for one of the Steps.  The same is true for your website for that project.

 There are notices of copyright protection on each installation.  The copyright also is registered; I am enclosing a copy.

 Please contact me, or have your attorney contact me, immediately.  It also would be prudent to notify your carrier.  In the meantime, the use of the image must stop.

    Sincerely,

    Thomas W. Hayton

Encl.
cc w/o encl: Client (email)

MACKIE 000099

Cutler Nylander & Hayton
PROFESSIONAL SERVICE CORPORATION

Telephone 206 340-4600
505 Madison Street, Suite 220
Seattle, Washington 98104
Facsimile 206 340-4646

Thomas W. Hayton
Telephone 206 340-4604

August 31, 2006

File:6051.09

iStock International Inc
iStock Photo Inc
1202 20th Ave. S.E.
Calgary, Alberta
Canada T2G1M8
        Att:   Bruce Livingston, Pres.

Ms. Renee Lee
dba "Photos and Design"
1982 S. Roberta St.
Salt Lake City, Ut 84115

Re:   Infringement of Copyright; Dance Steps on Broadway; EK Real Estate
Group LLC/Mezzo Condominium; Notice to stop use;

Dear Mr. Livingston & Ms. Lee:

        We represent Jack Mackie, creator and joint holder of the copyright for
"The Dance Steps on Broadway," consisting of a number of brass sidewalk
embeds representing dance performances.  We objected to infringements of
that copyright  by letter to EK Real Estate Group LLC relative to its Mezzo
Condominium project in Seattle.  **Attachment A.**  Copies of EK's infringing
advertisement and website graphic are enclosed.  **Attachment B.**

        Edward Krigsman, principal of EK, identified iStock as his source.  Part
of his response is **Attachment C.**    Material included in his response show
that iStock's source is Ms. Lee,  that iStock is  marketing two photographs[1]
which infringe Mr. Mackie's copyright,  and that it has licensed ("downloaded")
their use 49 times.

_____

        [1]One of these seems to be what iStock has cataloged as number
1386375.  We assume that both of the images are by Ms. Lee and invite you
to correct us if that is wrong.

MACKIE 000101

Livingston & Lee
p.2

Ms. Lee's website also features one of the infringing photos and says that it has been viewed or used an additional 1035 times.   **Attachment D.**

We want all of these uses (including the licensing of the images and their inclusion in websites) stopped immediately and ask that both of you (and Mr. Krigsman) confirm your agreement to do that by return letter.

We also want compensation for past uses and encourage direct negotiations to attempt that.   Please contact me **on or before Thursday, September 7 (one week of the date of this letter)** if you want to try that.   We realize that there may be contractual provisions which affect your *inter se* rights (and, for that reason, it might be most efficient for Ms. Lee's carrier (assuming there is one) to be designated as our contact point).    On the other hand, we view all of you as jointly responsible and will not be deterred by any indemnity or release in your separate contracts.

Finally, we also are aware that iStock was acquired by Getty Images in February.   If Mr. Livingston thinks it more appropriate for us to address Getty directly, we ask that he identify the person or office.

Sincerely,

Thomas W. Hayton

Encls.
Cc w encls: Mr. Krigsman
cc w/o encl (email): Client

MACKIE 000102

# Cutler Nylander & Hayton

Telephone 206 340-4600
505 Madison Street, Suite 220
Seattle, Washington 98104
Facsimile 206 340-4646
Note: We moved our offices effective October 29, 2007.
Our new address is *1191 Second Avenue, Suite 1650,
Seattle, WA 98101*.  Our telephone and fax numbers,
and email addresses, all above, remain the same.

Thomas W. Hayton.
Telephone 206 340-4604
tomhayton@cnhlaw.com.

February 19, 2008

File:6051.12

Jupitermedia Corp.
Jupiterimages Div.
23 Old Kings Highway S.
Darien, CT 06820
    Att:  Alan Meckler

Deon Staffelbach
4132 SE Evergreen St.
Portland OR 97202

Re:    Copyright Infringement of Dance Steps on Broadway by "Lindy-1" and
        Lindy-2" (Stockxpert ##117085 & 6).

Messrs. Meckler & Staffelbach:

      We represent Seattle artist Jack Mackie who created and holds the
copyright to an artwork which is being infringed by at least two photographs you
both are offering for licensing.  I have enclosed a copy of Mr. Mackie's copyright
registration and the infringing photos (as they appear or did appear on your
Stockxpert website).  (We also are aware that the photos now are contained on
your Stockxchange website).

      We have two initial objectives for this letter.  If you are willing to satisfy
them without our filing suit, I will appreciate hearing from you within ten days from
its date.    The fist objective is to have the offending photograph removed from
all distribution systems under the control of either of the recipients of this letter.
Our second objective is to get accurate data on the number of visitors to the
photograph and the number of licenses granted to use it in some fashion.

      Regardless of whether you agree to discuss without our filing a formal
complaint, we require that you preserve all records concerning the photograph.

      At the risk of appearing presumptuous, but in order to simplify further
conversations, allow me to close with a few points:

      –  Although notes on this subject website claim otherwise, neither of you
have any copyright interest in the photograph.  It is an unauthorized derivative

Ex1 P11

MACKIE 000118

## Cutler Nylander & Hayton

Telephone 206 340-4600
505 Madison Street, Suite 220
Seattle, Washington 98104
Facsimile 206 340-4646
Note: We moved our offices effective October 29, 2007.
Our new address is *1191 Second Avenue, Suite 1650,
Seattle, WA 98101.* Our telephone and fax numbers,
and email addresses, all above, remain the same.

Thomas W. Hayton
Telephone 206 340-4604
tomhayton@cnhlaw.com

February 19, 2008

File:6051.13

Alamy Ltd.
Units 6 & 8
127 Milton Park
Abingdon, Oxfordshire OX144SA
United Kingdom
    Att:  James West, CEO

Mr. Chuck Pefley
Chuck Pefley Photography
2918 W. Hayes St.
Seattle WA 98199

Re:    Copyright Infringement of Dance Steps on Broadway by photo # AB5D2F

Messrs. West & Pefley:

        We represent Seattle artist Jack Mackie who created and holds the copyright to an artwork which is being infringed by a photograph you both are offering for licensing.  I have enclosed a copy of Mr. Mackie's copyright registration and the infringing photo (as they appear on alamy.com's website).

        We have two initial objectives for this letter.  If you are willing to satisfy them without our filing suit, I will appreciate hearing from you within ten days of its date.    The fist objective is to have the offending photograph removed from all distribution systems under the control of any of the eventual recipients of this letter.   Our second objective is to get accurate data on the number of visitors to the photograph and the number of licenses granted to use it in some fashion.

        Regardless of whether you agree to discuss without our filing a formal complaint,  we require that you preserve all records concerning the photograph.

        At the risk of appearing presumptuous, but in order to simplify further conversations, allow me to close with a few points:

        —  Although notes on the website claim otherwise, neither of you have any copyright interest in the photograph.    It is an unauthorized derivative of a

Ex1 P12

MACKIE 000125

Thomas W. Hayton
Telephone 206 340-4604
tomhayton@cnhlaw.com

December 27, 2006
File:6051.09

*Mail and email*
Mr. Chuck Greening
4971 Orcas Rd.
Eastsound, WA 98245-9369

Re:   Transfer of Copyright for "Dance Steps on Broadway"

Dear Mr. Greening:

I think you have been told by Jack Mackie of his occasional discoveries of infringements of this copyright and understand that you are willing to transfer your interest to him so that he can police them etc.   I have attached a copy of the federal registration.

Assuming you show your agreement by signing and returning this document, it will  transfer to Jack all of your right and interest in the copyright; Provided, however, that he is to make a good faith effort to have licensees attribute co-authorship to you in their uses of the image.  This proviso is to last as long as Jack retains an interest in the copyright.

**If this is OK, please sign and return it as soon as possible.** Alternatively, contact me with complaints or questions.   Thanks in advance.

Sincerely,

Thomas W. Hayton

Encl
cc: Mr. Mackie (email)

AGREED:

_____
Chuck Greening
Date: _____

Ex2 P1

**MACKIE 000294**

Date: December 28, 2006 10:42:40 AM PST
To:          chuckgreening@orcasonline.com
Cc:          j-m@qwest.net

Chuck Greening:

This is a follow-up to conversations you have had with Jack Mackie recently.

We have represented Jack in a few copyright protection cases most of which concern the dance steps on Braodway.   Our function has become a sort of continuing one.   They  are attractive targets.

The cases involve some expense.   They generally have been successful to some degree.   Their objectives usually have been injunctions against further use and some recompense for the past infringement.   Sometimes there is more money received than the costs incurred, sometimes not.

You are listed as a co-author/owner of the copyright in the copyright registration.     Some infringers worry or argue about Jack's independent authority to assert the copyright.

For this purpose, it would be efficient, but not necessary, to remove you from the title to the copyright.   The enclosed letter/transfer proposal would do that.   (A hard copy, which will have the copyright registration, is being mailed to you as well).   It reserves for you the possibility of attribution in situations of licenses for future use.

If this is OK, please sign and return the enclosure.   ( PDF/email, or fax would be appreciated, but we also should get an original by mail).   If not, tell me or have your attorney call etc.   Thanks in advance.

Tom Hayton

MACKIE 000295

———— Original Message ————
From: Jack Mackie <j-m@qwest.net>
To: Chuck Greening <chuckgreening@orcasonline.com>
Sent: Wed, 10 Jan 2007 18:45:33 -0800
Subject: Letter from my legal beagle...

Chuck, hi

This afternoon I heard from my legal beagle who asked that I check in with you re the release letter he'd sent to you. I'm waiting on that so I can deal with this guy who wants to use a picture. If you have questions about this let me know.

On Thursday I'm going to be semi out of phone range then on Friday I'm in San Jose. I'll try you Thursday evening at home unless I hear otherwise. Jack

p.s. If beagle is spelled b-e-a-g-l-e why isn't legal spelled l-e-a-g-l-e and vice-versa? I ask you WHY! Inquisitive minds need something to distract 'em, I say!!!

Ex2 P3

MACKIE 000296

**From:**      chuckgreening@www.orcasonline.com
**Subject: Re: Letter from my legal beagle...**
**Date:** January 11, 2007 7:03:43 PM PST
**To:**        j-m@qwest.net

Hi Jack,  Im in no hurry to sign anything,   However Im here if this guy wants to use a picture-let
me know, if your'e fine Im probably fine.  I need time to consult an attorney to respond to an
attorney. Cant tell you a timeline on this-after all its been 25 years-Ill take the time that is
needed.
Christmas wasnt a time I wanted to think of legal matters, though I did.
—      Chuck

MACKIE 000297

From:         j-m@qwest.net
Subject: dance step photo found
Date: January 19, 2007 12:00:50 PM PST
To:           chuckgreening@orcasonline.com

Chuck,

My wife, who works as a graphic designer, was searching through the web for images yesterday. She came up with the attached, asking "Do you know about this?" I don't. Do you? Check out page two.

This is what we need to sort out. This is like the Symphony using without asking and without credit. I'm inclined to have Tom Hayton shoot off a "Cease and Desist" asap. The rule of copyright is to hold the copyright the owner is required to police the image or you loose it. This is what I did with the Symphony and now must do with this twit.

Here's the question: Do you want to pick up 50% of attorney's fees for me to police the image? Like I said, I spent $14K against the Symphony, secured the copyright, and got $1000.00 from the Court for my trouble.

It's a Catch-22. To hold copyright you have to protect it. To protect it that must be done by an attorney @ $250 per hour. And then there's no guarantee you get any of those costs back.

This is now the crux of our co-ownership of copyright. What part of this do you want to become involved in? What part do you want to pass off to me? I'll call over the weekend.

Take care,
Jack

Ex2 P5

MACKIE 000298

On Jan 19, 2007, at 3:21 PM, chuckgreening wrote:

Jack,  Dont bother to call, Im not ready to talk about it..Ive been way too swamped aside of this and need time to digest what youre saying.  I will be consulting with a copyright attorney within the next couple of weeks and will get back to your attorney. Chuck

MACKIE 000299

**From:**     j-m@qwest.net
**Subject: Re: dance step photo found**
**Date:** January 19, 2007 3:35:50 PM PST
**To:**        chuckgreening@orcasonline.com

Chuck, hi

Am sympathetic to being swamped ... just pick up work with BART in the South Bay and they
want me there minimum two days every week for the next three years! Arrrrgh ... and one of the
flights I have to take is at 6:15 in the morning:... but this is why we're paid the big bucks, right?

Take time but as long as the image is up on the web then the longer it is used without permission
and the harder to prove "policing image." If you could take this on earlier than the next couple of
weeks it'd be best all around.

    Jack

MACKIE 000300

**Subject: Re: dance step photo found**
**Date:** January 24, 2007 9:14:21 PM PST
**To:**       chuckgreening@orcasonline.com

Chuck, hey *mister Papa......*

So, did you see the PI today?.......
http://seattlepi.nwsource.com/local/300865_broadway24.html

This is probably the most complex of all the sets I put in previously.... and I am too fucking old to be down on my knees crunching concrete that's coming at me down the chute.... but when the cause is good, we try to do the right thing.

and... As co-holder of the *Steps* copyright, that *I* assigned to you and to me when I registered them to acknowledge your effort, I'm going ahead with dealing with this infringement, as I did with the Seattle Symphony.  Curious question is should I have also assigned copyright to Les for his effort?
On the Symphony I took full responsibility for all actions and costs.  I did not ask you to cover what would have been your 50% share.  This will be no different.

If you want to be a party to copyright actions that I take forward then let me know - we can sort out who has authority to take what decisions and who covers what costs.

From my POV it all comes down to protecting the idea and use of the images.  For the last three years I've been dealing with the City of Chattanooga where some twit who had a cafe on Broadway here decided to have some twit in Chattanooga put some dance steps outside her cafe in the sidewalk there.  It all takes a bundle of time, a bundle.....
Do I, we, anyone, own the idea of *dance steps?*  No.  It's the principle of who did what and I tend to get testy about that.
i.e.  Do you "own" *sundials*, or just that one?  And then, if you do own just that one, what about Kim, and the others you brought in to make it happen?  Do they *own* it too?  What decisions do you go to them to make?  I assigned copyright to the both of us to acknowledge your help, encouragement, and work.  Who knew what responsibilities would come with Copyright back then?


I talked with my guy who suggested that I go ahead with this as a co-holder.
Consult with your attorney if you want, I'm going ahead.  If you need to be part of this let me know.
JM
‒‒‒‒‒‒‒‒‒‒

Ex2 P8

MACKIE 000301