UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JACK MACKIE,                            )
                                        )   No. C09-0164RSL
                      Plaintiff,        )
         v.                             )   ORDER DENYING DEFENDANT'S
                                        )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. HIPPLE,                      )
                                        )
                      Defendant.        )
_____ )

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for summary judgment (Dkt. # 50). Having considered the submissions of the parties, the Court DENIES defendant's motion.[1]

## II. DISCUSSION

**A.   Factual Background**

The following facts are undisputed for the purposes of this motion. See Reply at 3 ("For purposes of summary judgement, the Court must accept Mackie's version . . . ."). Plaintiff brings an action for the infringement of his copyright in a portion of a pictorial and sculptural work entitled "Dance Steps on Broadway," which he co-authored in 1979. The work consists of

---

[1] The Court did not consider plaintiff's surreply for the purposes of this motion and discourages plaintiff from filing similar submissions in the future.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

8 installations ("sub-installations") set into the public sidewalks of Broadway Avenue in Seattle, Washington that fancifully depict various dance sequences through the use of bronze shoe-prints and arrow diagrams. Each sub-installation has its own title block listing the title of the dance depicted and a copyright notice. "Dance Steps on Broadway" was registered with the Register of Copyrights as of October 13, 1998. A copy of the certificate of registration is attached to the complaint.

Also attached to the complaint is defendant's allegedly infringing work, a photograph of a portion of the "Dance Steps on Broadway" sub-installation that depicts the Mambo. The photograph is taken from the perspective of a pedestrian and shows only a portion of the sub-installation. There are two actual feet in the upper-left corner of the photograph covering two of the bronze footprints, apparently in the process of performing the dance. The photograph is cropped so that the original's copyright notice is not visible. Defendant Hipple took this photograph in 1997. Hipple licensed the photograph to former co-defendant Age Fotostock America., Inc. ("Fotostock") in 2000. Fotostock thereafter displayed Hipple's photograph on its website. In June 2003, Fotostock sold a copy of the photograph for $60. Hipple received a $30 commission for the sale. Fotostock has since settled with plaintiff and Hipple is the sole remaining defendant.

Mackie first had knowledge of Hipple's alleged infringement in August 2007 when he was alerted that Hipple's photograph was available online. On February19, 2008, Mackie's attorney wrote Hipple and Fotostock alleging infringement. Mackie filed a complaint on February 5, 2009. From 1999 until now, Mackie has asserted several claims against alleged infringers, but has only brought one other claim to court. Hipple asserts that Mackie discovered some of these alleged infringers by searching the Internet. See Motion at 3.

**B.  Summary Judgment**

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT            -2-

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor," Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995), or where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. U.S. v. Johnson Controls, Inc., 457 F.3d 1009, 1013 (9th Cir. 2006). However, "the mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton, 68 F.3d at 1221.

**C.  Analysis**

Hipple argues that he is entitled to summary judgment because Mackie's suit is barred by the Copyright Act's statute of limitations. 17 U.S.C. § 507(b) provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The Ninth Circuit, following the "discovery rule" adopted by the majority of circuits, interprets § 507(b) so that a claim for copyright infringement accrues "when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). Under the discovery rule, a plaintiff is chargeable with knowledge when a reasonable person would have discovered the infringement. See, e.g., Warren Freedenfeld Associates, Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008).

Hipple argues that a reasonable person "would at least [have] tried to search on Google or stock photography agencies' websites beginning in the year 2000" and that "[r]easonable diligence required Mackie to periodically search the Internet to discover what was there to be discovered." Reply at 2. Hipple admits, however that he "cannot prove that Mackie would have found Hipple's photograph through a general search . . . ." Reply at 2. Moreover, Hipple

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -3-

presents no case law indicating that Mackie had an affirmative duty to police the internet and stock photography agencies to find infringing copies of his work. The copyright case cited by Hipple for the proposition that the discovery rule incorporates a "duty of diligence" also specifically holds–contrary to Hipple's arguments–that "[a]rchitects have no general, free-standing duty to comb through public records or to visit project sites in order to police their copyrights." McTigue, 531 F.3d at 46. Presumably, a sculptor would have no similar duty to scan the internet for all possible photographic infringers simply because her work has been infringed in the past. At the least, on a motion for summary judgment, viewing the evidence in a light most favorable to plaintiff, the Court cannot conclude as a matter of law that he is chargeable with knowledge of Hipple's alleged infringement on a date certain before his actual discovery of the alleged infringement in 2007. See, e.g., Beidleman v. Random House, Inc., 621 F.Supp.2d 1130, 1134 (D.Colo. 2008) ("This is a fact-intensive inquiry, not appropriate for determination on the Defendant's motion for summary judgment.").

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is DENIED.

DATED this 9th day of August, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge