HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK MACKIE,<br>　　　　Plaintiff,<br>v.<br>MICHAEL HIPPLE, et al,<br>　　　　Defendants. | NO.　C09-164RSL<br><br>**MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 19, 2010** |

Mike Hipple moves, on the basis of newly discovered evidence, both for reconsideration of the Court's denial of Hipple's motion for summary judgement and for consideration of this motion for reconsideration.

Hipple previously sought summary dismissal on the grounds that plaintiff Jack Mackie's claim is time barred because *he should have discovered* the alleged infringing photograph several years before he claims to have discovered it. The newly discovered evidence is that Mackie *actually did discover* the allegedly infringing photograph in April 2001, making his present claim time barred by several years.

I.   FACTS.

On August 9, 2010, the Court denied Hipple's summary judgement motion. Hipple's motion alleged that the statute of limitation barred Mackie's copyright infringement claim against

MOTION FOR RECONSIDERATION - 1

REAUGH OETTINGER & LUPPERT, P.S.
1601 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98121-1625
(206) 264-0665　　　FAX: (206) 264-0662

1  Hipple.  The motion reasoned that since Hipple's photograph was readily discoverable on the
2  Internet since 2000, Mackie should have, in the exercise of reasonable diligence, discovered it well
3  more than three years before he commenced this action.  The Court, viewing the evidence most
4  favorably to the plaintiff, including Mackie's assertion that he did not discover the photograph
5  until August 2007, concluded that summary judgement should not be granted.  ECF document 71.

The newly discovered evidence, that Mackie actually discovered Hipple's photograph at the latest by April 2001, changes the most critical fact of the previous motion.

In April 2001, Mackie's attorney, Thomas Hayton, wrote a cease and desist letter to Horton Lantz Marocco, an advertising agency.  ECF Document 51, page 6, and Exhibit 1 to Luppert Declaration.  Horton Lantz Marocco changed its name to HL2, the name used hereafter in this motion.  See Luppert Declaration, Exhibit 3, Horton Deposition, page 10.  The letter asserts that HL2 used a photograph of part of Mackie's Dance Steps on Broadway in a mural for Seattle's Best Coffee.  The letter asserts that the photograph depicts "the Waltz."

Mr. Hayton's April 2001 letter was mistaken, however, in identifying the Waltz in the photograph.  Mr. Hayton admitted that the April 2001 claim asserted against Horton Lantz Marocco was not actually based on Mackie's Waltz footsteps, but instead on the very same photograph on which this action is based.  See Declaration of Luppert, including Exhibit 2, and Horton deposition, page 27, when Mr. Hayton prefaces his question to Mr. Horton with an admission, "We found the environmental graphic up on the wall of the SBC site in the spring of 2001.  Is there any way of knowing how long before that it went up?"

Hipple's attorney did not realize that there was any connection between the April 2001 letter from Mr. Hayton to HL2 and the photograph which is the subject of this case.  The letter was produced by plaintiff in his preliminary disclosures, and referenced the Waltz, rather than the

Mambo which is in Hipple's photograph. The letter indicates that it contains enclosures. No enclosures, however, accompanied the letter in the initial disclosures. Because the letter claimed that the subject of the alleged infringement was the Waltz, there appeared no reason to ask for the enclosures. The letter did not appear to have any relevance to the present case other than as a history of Mackie's copyright claims. See Luppert Declaration.

Michael Hipple was unaware that his photograph had ever been used by Horton Lantz Marocco or that there were any uses other than his submission to Age Fotostock. When the photograph appeared in an attachment to a subpoena to HL2 in August 2010, Hipple recognized the photograph as his and the same one that is the basis of this lawsuit. He did not, however, realize that it was the same image referenced in Mackie's April 2001 claim against Horton Lantz Marocco. Hipple Declaration.

Mackie's interest in deposing a representative of HL2 eventually caused Hipple's attorney to recognize the possibility that there may be a relationship between the April 2001 letter and present lawsuit. See Luppert Declaration. Hipple's lawyer asked Mackie's lawyer for a copy of the enclosures to the letters and any correspondence and documents arising from the 2001 claim. Mr. Hayton responded that the image referenced in 2001 was the same one attached to the recent subpoena to HL2. See Exhibit 2 to Luppert Declaration.

Mackie brought the present lawsuit on February 5, 2009.

## II. EVIDENCE RELIED UPON.

Michael Hipple relies upon the pleadings and papers in the file, upon his Declaration, and upon the Declaration of Sylvia Luppert in support of this motion.

## III. ISSUE.

Whether the Court should consider Hipple's Motion to Reconsider, and whether the Court

should reconsider its denial of Hipple's motion for summary judgment based upon newly discovered evidence?

## IV. LEGAL AUTHORITY.

### A. TIMING OF MOTION.

The rules of this District require that motions for reconsideration be brought within 14 days of the Court's order on the original motion. CR 7(h). The same rule provides that motions for reconsideration are disfavored in the absence of evidence of new facts which could not have been brought to the Court's attention earlier through reasonable diligence.

This motion is brought more than 14 days after the Court's August 2010 denial of Hipple's motion for summary judgement. Hipple asks the Court to consider Hipple's tardy motion for reconsideration for the same reason he asks the court to reconsider. Although the relationship between Mackie's 2001 claim and his present claim may have been known to Mr. Mackie and his attorneys, it was not known to Hipple and his attorneys, and absent Mr. Mackie's attaching the image to the subpoena of Tom Horton of HL2, and his persistence in taking that deposition, Hipple's attorneys would not have become suspicious of a possible connection.

The newly discovered evidence is of major significance. Hipple believes that it would save the parties and the Court very substantial future resources were the Court to reconsider Hipple's motion for summary judgement and dismiss Mackie's claims.

### B. RECONSIDERATION.

§17 USC 507(b) provides, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." This requires that Mackie's claims against Hipple be dismissed because his claim accrued eight years before he commenced this action.

MOTION FOR RECONSIDERATION - 4

REAUGH OETTINGER & LUPPERT, P.S.
1601 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98121-1625
(206) 264-0665    FAX: (206) 264-0662

A claim for copyright infringement accrues when the plaintiff either has knowledge of a copyright violation or is chargeable with knowledge of a violation. *Roley v. New World Pictures,* 19 F.3d 479, 481 (9th Cir.1994).

Jack Mackie is chargeable with knowledge of the violation asserted in this present lawsuit in April 2001, nearly eight years before bringing this suit. In April 2001, he and his same attorney had the Seattle's Best Coffee mural containing the same photograph alleged to be infringing here. Whether they made any inquiries about the identity of the photographer is unknown, but it is known based on the deposition testimony of HL2's president, that had they inquired into the photographers identity in 2001, they would have learned it was Mike Hipple.

 Q   And did you know that back there in 2001 when this came up or -- when did you learn of that, I guess?

 A   Learn of what?

 Q   Well, that Mike Hipple was the producer of the -- the photographer of those images.

 A   Well, I'd known all along that he -- he would -- he had been hired to shoot this assignment.

 Q   And you knew that from the get-go?

 A   Oh, sure. Sure. I -- we always knew who our photographers were going to be for a particular assignment.

"Often, whether or not the defendant has done anything to conceal from the plaintiff the existence of the cause of action, the statute of limitations is tolled until the plaintiff learned or by reasonable diligence could have learned that he had a cause of action." *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 707 (9th Cir.2004), quoting with approval *Taylor v. Meirick,* 712 F.2d

MOTION FOR RECONSIDERATION - 5

REAUGH OETTINGER & LUPPERT, P.S.
1601 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98121-1625
(206) 264-0665    FAX: (206) 264-0662

1112, 1117-18 (7th Cir.1983) (emphasis added).  Jack Mackie discovered the photograph in April 2001.  He could have readily discovered the identity of the photographer at the same time.

### B.   SUMMARY JUDGMENT.

Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Ordinarily, the issue of when a copyright owner should be chargeable with knowledge is a question of fact. *Polar Bear Prods.,* 384 F.3d at 707.  There is, however, no genuine issue of fact for trial when no rational trier of fact could to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   The statute of limitations began running on Jack Mackie's claim against Michael Hipple in April 2001, and barred any claims made after April 2004.

Michael Hipple asks the Court to reconsider and to dismiss Jackie Mackie's Complaint against him.

DATED: November 19, 2010

                                                    **REAUGH OETTINGER & LUPPERT, P.S.**

                                                   _____
                                    By:   Sylvia Luppert, WSBA 14802
                                          Attorneys for Michael Hipple
                                          1601 Fifth Avenue, Suite 2200
                                          Seattle, WA 98101-1625
                                          (206) 264-0665, fax: (206) 264-0662
                                          sll@reaugh.com

MOTION FOR RECONSIDERATION - 6          REAUGH OETTINGER & LUPPERT, P.S.
1601 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98121-1625
(206) 264-0665    FAX: (206) 264-0662